IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00287-CV

 

Texas A&M University,

                                                                      Appellant

 v.

 

Bryan Glen Hole, et al.,

                                                                      Appellee

 

 

 



From the 272nd District Court

Brazos County, Texas

Trial Court No. 03-000858-CV-272

 



Opinion ON REHEARING



 

      Appellees’ motion for
rehearing urges us to reconsider our opinion because the due process claims of
at least one student, Michael Garza, were ripe.  They also claim that the
declarations sought pursuant to the Uniform Declaratory Judgment Act are
separate and distinct claims and not sought simply to avoid the ripeness
doctrine.

      Texas A&M University argues that we correctly dismissed Garza’s claims as unripe because he chose not to
contest his punishment through the university appellate process.[1] 
The University forcefully argues that to allow a student to avoid the
disciplinary process and then challenge it in court undermines the ripeness
doctrine by allowing a court to engage in abstract disagreements and to
interfere with a decision before “it has been formalized and its effects felt
in a concrete way.”  See Patterson v. Planned Parenthood of Houston and S.E.
 Tex., Inc., 971 S.W.2d 439, 443 (Tex. 1998).

      TAMU further argues that, in
evaluating ripeness of a declaratory judgment claim, courts apply the general
principles of ripeness, not a relaxed notion of the ripeness doctrine.  It
maintains that this court properly found Appellees’ claims were not ripe for
adjudication because, by avoiding the University’s appellate process, necessary
facts were not developed and the outcome of the disciplinary process remains
uncertain.  

      We agree with TAMU.  Because
Michael Garza, like the other plaintiffs, did not complete the university
disciplinary process, his due process claims are not ripe for adjudication.  We
deny Appellees’ motion for rehearing.

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

(Chief Justice Gray dissenting)

Rehearing
denied

Opinion
delivered and filed July 19, 2006









[1]
The University also asserts that Garza’s claims are moot because at the time of
final judgment, Garza had voluntarily withdrawn from school and has now served
a longer suspension than required.